IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE PRIME INSURANCE SYNDICATE, INC., an Illinois Corporation,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>KD CRANES, INC., a Florida Corporation,<br>Defendant. | ORDER DENYING MOTION TO DISMISS OR TRANSFER<br><br><br><br><br>Case No. 2:07-CV-115 |

Before the court is the Motion to Dismiss or Transfer (#14) of Defendant KD Cranes, Inc. ("KD Cranes").  Pursuant to a forum selection clause in its insurance policy with KD Cranes, Plaintiff Prime Insurance Syndicate, Inc. ("Prime"), seeks declaratory relief in this court as to its insurance obligations with respect to a wrongful death claim pending against KD Cranes.  KD Cranes contends that to enforce the clause would be unreasonable under the circumstances, and therefore asks the court to either dismiss Prime's claims or transfer them to the United States District Court for the Middle District of Florida.  For the reasons outlined below, the court hereby DENIES KD Cranes's Motion to Dismiss or Transfer (#14).

BACKGROUND

Prime, an Illinois corporation with its principal place of business in Sandy, Utah, issued a

commercial general liability insurance policy in September of 2005 to KD Cranes, a Florida

corporation based in Polk County, Florida.  The policy was negotiated on behalf of KD Cranes

by two insurance brokers, also located in Florida.  The last paragraph of the insurance policy

contains a forum selection clause providing that all disputes be resolved in Utah courts applying

Utah law.  Following a heading that states, "SECTION XI — FORUM SELECTION AND

CONSENT TO JURISDICTION," the clause reads:

> The Insured represents that they have purposefully directed their actions to
> procure the insurance services of the Insurer contained in this Policy and has
> and/or will make continuous and systematic requests for the Insurer's services on
> their behalf, and acknowledges that the Insurer's principal place of business is
> Utah.  The Insured acknowledges that by entering into this Agreement the Insured
> is deemed to be transacting business within the State of Utah, and the Insured
> consents to the jurisdiction of the courts of the State of Utah to hear and decide
> claims or disputes arising between the parties related to coverage issues and any
> payments due the Insured under the Policy.[1]

In this action, Prime seeks a declaratory judgment regarding its obligations under the policy in

connection with a wrongful death suit against KD Cranes arising out of a fatal crane accident.

DISCUSSION

KD Cranes asks the court not to enforce the forum selection clause because enforcement

is unreasonable and unjust under the circumstances.  In turn, KD Cranes argues that absent the

forum selection clause the court lacks personal jurisdiction and venue is improper, thus requiring

dismissal.  In the alternative, KD Cranes contends that even if the forum selection clause is

enforceable, the court should transfer the case under 28 U.S.C. § 1404(a) to the United States

District Court for the Middle District of Florida.

---

[1] Compl. Ex. 1 at 21 (Docket No. 1).

*Enforceability of the Forum Selection Clause*

Forum selection clauses are "prima facie valid" unless the party resisting enforcement can carry the "heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable or unjust under the circumstances."[2] When based on inconvenience, a forum selection clause is unreasonable and therefore unenforceable only where enforcement would eliminate a party's remedy.[3]

KD Cranes does not claim that Prime included the forum selection clause by means of fraud. Rather, it claims that placing the clause on the last paragraph of the twenty-one page policy, which, according to KD Cranes, is a "contract of adhesion," constitutes overreaching by Prime. Additionally, KD Cranes argues that enforcing the clause would be unreasonable and unjust under the circumstances because KD Cranes, a small company of limited means, was caught off guard by the prospect of defending this action in a distant forum with which it has limited contacts.

Although sensitive to KD Cranes's concerns, the court finds that KD Cranes was adequately represented in the contracting process and that any inconvenience in litigating the matter in this court does not deprive it of any remedy. KD Cranes's use of insurance brokers in the bargaining process certainly mitigated any significant inequality in bargaining position and, therefore, the potential for overreaching. Moreover, KD Cranes is to all appearances a sophisticated business entity that has to be held responsible for reading and understanding the

---

[2] *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992) (quoting *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 15 (1972)).

[3] *See id.*

terms of the policy, including the forum selection clause.[4]  The clause appears in the same font

size as the rest of the document and falls under a section heading in all capital letters that reads:

"FORUM SELECTION AND CONSENT TO JURISDICTION."[5]  Contrary to its assertion, had

KD Cranes carefully read the insurance policy at issue, it would have been apprised that disputes

arising therefrom would be resolved in courts located in the State of Utah.  Accordingly, the

court finds that the forum selection clause is enforceable.

> *Personal Jurisdiction*

As Utah's long-arm statute is coextensive with the Due Process Clause,[6] the relevant

jurisdictional inquiry in this case is whether the court's exercise of personal jurisdiction over KD

Cranes offends due process.  A party can consent expressly or impliedly to personal jurisdiction.[7]

Where a forum selection clause has been freely negotiated and is just and reasonable, Due

Process is not violated by its enforcement.[8]

The language of the policy clearly expresses that by entering into the contract, KD Cranes

consented to jurisdiction in the State of Utah: "[KD Cranes] acknowledges that be entering into

this Agreement [KD Cranes] is deemed to be transacting business with the State of Utah, and

---

[4] *See Flight Concepts Ltd. P'ship v. Boeing Co.*, 38 F.3d 1152, 1157 (10th Cir. 1994).

[5] Compl. Ex. 1 at 21 (Docket No.1).

[6] *See Hafen v. Strebeck*, 338 F. Supp. 2d 1257, 1260 (D. Utah 2004).

[7] *See Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1406 (9th Cir. 1994); *Heller Fin., Inc. v. Midwhey Power Co., Inc.*, 883 F.2d 1286, 1290 (7th Cir. 1989).

[8] *Heller*, 883 F.2d at 1291 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)).

[KD Cranes] consents to the jurisdiction of the courts of the State of Utah to hear and decide claims or disputes arising between the parties . . . ."[9]  Having concluded that the forum selection clause is enforceable and noting the absence of any fraud or overreaching, as indicated above, the court finds that its exercise of personal jurisdiction over KD Cranes is reasonable and does not offend due process.

*Venue*

In determining whether to grant a motion for transfer of venue under 28 U.S.C. § 1404(a), the court exercises its discretion in an "individualized, case-by case consideration of convenience and fairness."[10]  A forum selection clause is "a significant factor that figures centrally in the [court's] calculus," although its presence is not dispositive.[11]  The court must also take into account the convenience of the bargained-for forum to both parties and their relative bargaining powers, as well as "the convenience of the witnesses and [the] public-interest factors of systematic integrity and fairness."[12]

KD Cranes asserts that the Middle District of Florida would be a more convenient forum for the parties and witnesses to the suit because the accident underlying this declaratory action occurred in Florida, the witnesses to the accident and KD Cranes's insurance brokers reside in Florida, and KD Cranes would be inconvenienced by having to litigate in Utah.  Prime, however,

---

[9] Compl. Ex. 1 at 21 (Docket No.1).

[10] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

[11] *Id.* at 29, 31.

[12] *Id.* at 29.

argues that Utah is a more convenient forum for this coverage dispute because the witnesses and documents pertinent to the underwriting, risk management, and claims associated with the policy are located in Utah.

The court finds that the forum proposed by KD Cranes is not significantly more convenient for the parties and witnesses and, therefore, the plaintiff's "expressed preference"[13] for the present forum should be given effect. Initially, the court notes that the action before it is a coverage dispute. The witnesses related to the wrongful death action arising from the accident may not necessarily be relevant to the coverage dispute. Therefore, the fact that the wrongful death suit takes place in Florida, and that the witnesses to the accident reside there, does not necessarily indicate that Florida would be a more appropriate forum for the coverage dispute. Prime's witnesses and documents associated with the policy and its negotiation and coverage are largely, if not entirely, located in Utah. Certainly, the witnesses of KD Cranes related to the same issues will be located in Florida. Additionally, the court is sensitive to the financial strain placed on KD Cranes in being required to litigate the coverage case in Utah. However, as both forums are apparently proper, in the absence of any significant difference in convenience, the court finds that the parties intentions as expressed in the policy should control.

## CONCLUSION

Accordingly, the court finds that the forum selection clause is valid and enforceable and, therefore, jurisdiction and venue are appropriate in this court. The court also finds that the considerations of convenience and justice do not dictate that the case be transferred to the Middle

---

[13] *Id.* at 29.

District of Florida at the expense of the parties previously expressed preferences.  Therefore, the court hereby DENIES KD Cranes's Motion to Dismiss or Transfer (#14).  Consequently, the court DENIES KD Cranes's Request for Hearing (#20).

　　　　DATED this 22nd day of October, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge